## John L. Marsh

### *v.*

## The Fairbury, Pontiac and Northwestern Railway Company *et al.*

Specific performance—*of a contract on the part of a railroad company to locate depots at particular points—whether will be enforced.* Equity will not enforce the specific performance of a contract on the part of a railway company to locate passenger and freight depots at a particular point and at no other point in a town, the enforcement of such contract being regarded as against public policy.

Writ of Error to the Circuit Court of Livingston county; the Hon. Charles H. Wood, Judge, presiding.

Mr. A. E. HARDING, and Mr. J. B. YOUNG, for the plaintiff in error.

Mr. L. E. PAYSON, and Messrs. PILLSBURY & LAWRENCE, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, filed to enforce the specific performance of a contract made by the Fairbury, Pontiac and Northwestern Railway Company "to locate passenger and freight depots of said road in Marsh's addition to Fairbury, and at no other point in said town."

The court below sustained a demurrer to the bill, and dismissed it.

This is not a case which concerns merely the private interests of two suitors. It is a matter where the public interest is involved. Railroad companies are incorporated by authority of law not for the promotion of mere private ends, but in view of the public good they subserve. It is the circumstance of public use which justifies the exercise on their behalf of the right of eminent domain in the taking of private property for the purpose of their construction. They have come to be almost a public necessity, the general welfare being largely dependent upon these modes of inter-communication, and the manner of carrying on their operations.

The specific execution of a contract in equity is a matter not of absolute right in the party, but of sound discretion in the court; and in deciding whether specific performance should be enforced against a railway company, the court must have regard to the interests of the public. *Raphael* v. *Railway Co.* 2 Law Rep. 2 Eq. Cases, 37. The location of railroad depots has much to do with the accommodation of the wants of the public.

And when once established, a change of affairs may require a change of location, in order to suit public convenience.

We can not admit that an individual is entitled to call for the interference of a court of equity to compel a railroad company to locate unchangeably its depot at a particular spot to subserve the private advantage of such individual.

Railroad companies, in order to fulfill one of the ends of their creation—the promotion of the public welfare—should be left free to establish and re-establish their depots wheresoever the accommodation of the wants of the public may require.

To grant the relief asked for by the complainant, we would regard as against public policy; and he must be left, for whatever remedy he may have, to his suit at law for damages.

The court below properly sustained the demurrer, and dismissed the bill.

The decree of the court below is affirmed.

*Decree affirmed.*