INTERNATIONAL & GREAT NORTH. R. R. v. SALLIE DAWSON ET AL.

(Case No. 1727.)

1. CONTRACT — RAILWAY COMPANY. — The present weight of authority is to the effect that a railway corporation can bind itself to maintain perpetually a permanent depot at a particular place. T. & St. L. R. Co. *v.* Robards, 60 Tex., 545; Morawetz on Private Corporations, sec. 209; Green's Brice's Ultra Vires, secs. 103 and 108, cited.

2. PLEADING.— An action can be maintained for the value of certain land con-
veyed to a railway company, the consideration being a parol agreement
between the grantor and the company that the latter's depot should be per-
manently located in the southern part of a certain city, the railroad having
afterwards removed its depot from that location.

3. EVIDENCE — DEED.— Parol evidence in certain limited cases is admissible to
show the existence of an oral agreement precedent to the attaching of any
obligation under a written contract.   Wharton on Evidence, sec. 928; R. R.
Co. v. McKinney, 55 Tex., 176; R. R. Co. v. Pfeuffer, 56 Tex., 66; R. R. Co.
v. Garrett, 52 Tex., 133; Wooters v. R. R. Co., 54 Tex., 294, cited.

4. VERDICT — EXCESSIVE DAMAGES.— This court will not disturb a verdict on the
sole ground that in its opinion the proof was not sufficient to support it,
when it appears that there was lawful evidence on which to base such ver-
dict.

APPEAL from Smith.   Tried below before the Hon. Felix J. Mc-
Cord.

The substance of this cause of action, as gathered from the plead-
ing, is that plaintiff Sallie Dawson, joined by her husband, conveyed
to defendant, the I. & G. N. R. R. Co., twelve acres of ground; that,
at the time of making this conveyance, a parol agreement was made
between them, which was the consideration for the deed, that de-
fendant should permanently locate its depots in the southern part
of the city of Tyler; that they were accordingly so located, but
afterwards removed, wherefore plaintiffs sue for the value of the
twelve acres of land conveyed.

To plaintiffs' cause of action defendant interposed general de-
murrer, special exceptions, general denial and a plea of two years'
limitation.   Upon the trial judgment was rendered for plaintiffs for
$800, from which this appeal is prosecuted.

*Whittaker & Bonner*, for appellant.

*Thos. W. Dodd*, for appellees.

WEST, ASSOCIATE JUSTICE.— There was no error committed by the
court, in its rulings on the testimony, referred to in the appellant's
bills of exceptions.   The evidence was clearly admissible.

As to the main question in the case, the present weight of au-
thority is to the effect that a railroad corporation can, by contract,
bind itself to perpetually maintain a permanent depot at a particu-
lar place.

This point was considered, and so decided by this court, in the re-
cent case of Tex. & St. L. R. R. Co. v. Robards *et al.*, 60 Tex., 545,
546.

Some of the cases bearing on the point are there collected.

The following authorities on the subject may also be consulted: Morawetz on Priv. Corp., sec. 209, and cases there cited; Green's Brice's Ultra Vires, 103 and 108, and pp. 42, 65, 384; also Potter on Corp., 2 vol., sec. 506 *et seq.*

Under the circumstances of this case, as set forth in the amended pleadings of the appellees, we are not prepared to say that the district court was in error, under the present state of the authorities, in holding that the action could be maintained under the special facts of this case as disclosed by the pleadings as amended. We are not prepared, however, to extend the rule, on this subject, as there laid down.

Whilst it is true that parol evidence may, in a certain limited class of cases, be resorted to for the purpose of proving the existence of an oral agreement, precedent to the attaching of any obligation under the written contract, it is equally true that such proof must be directly to the point, and must be clear and convincing in its character. Wooters *v.* I. & G. N. R. R. Co., 54 Tex., 294; Wharton's Ev., secs. 928, 1040, 1042, 1050; H. & T. C. R. R. Co. *v.* McKinney, 55 Tex., 176; R. R. Co. *v.* Garrett, 52 Tex., 133; R. R. Co. *v.* Pfeuffer, 56 Tex., 66.

The amount found by the verdict appears to be large, and under the very conflicting evidence as to the market value of the twelve acres under consideration, and the great conflict in the testimony as to the extent of the damage to the appellees occasioned by the removal of appellant's depot a short distance from the point originally designated, the district judge would have been justified in setting the verdict aside and in awarding a new trial.

This special matter as to the verdict appears, however, to have been brought particularly and fully to his consideration on the presentation of the motion for new trial. He concluded that the verdict, on the whole, was warranted by the evidence, and as there was no material error committed in the charge of the court, or in declining to give the instructions asked, we do not feel authorized here in disturbing the finding of the jury, when it appears that there was, in fact, before the jury, lawful evidence upon which their verdict could be based.

The judgment is affirmed.

                                     **Affirmed.**