[No. 12465. In Bank. — September 22, 1888.]

CHARLES L. MORRILL ET AL., APPELLANTS, *v.* M. Z. EVERSON, RESPONDENT.

SPECIFIC PERFORMANCE — ADEQUACY OF CONSIDERATION. — Under the Civil Code of California, specific performance will not be decreed unless there was adequate consideration for the contract.

ID. — WHAT CONSIDERATION IS ADEQUATE. — The question of adequacy of consideration relates to the time of the formation of the contract. And the highest possible price is not required, but only a consideration which is fair under all the circumstances. Instance of an inadequate consideration for a contract to convey real property.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Puterbaugh, Leovy & Humes,* and *Houghton, Silent & Campbell,* for Appellants.

*John M. Lucas,* for Respondent.

HAYNE, C.—Suit for specific performance of a contract in relation to a lot in the city of San Diego. The plaintiffs were real estate brokers, and the defendant was a somewhat weak-minded and excitable woman of not much business knowledge. The property at the time of the contract was of the value of sixteen hundred dollars, and of the rental value of twelve dollars per month. The contract was that the plaintiffs rented the property for the term of nine months, at a rental of ten dollars a month, to be paid in advance, and had the right of purchasing at any time during the term for the sum of thirteen hundred dollars. During the latter part of the term the value of the property was four thousand dollars, and the plaintiffs then sought to buy. The court below declined to enforce the contract, and the plaintiffs appeal.

The respondent's position, that there was no mutuality, cannot be sustained. (*Hall* v. *Center,* 40 Cal. 63.) But we think that while there was a consideration sufficient to support the contract at law, yet that so far as the right of purchase is concerned there was no adequate consideration, and that consequently a court of equity will not specifically enforce it. Before the code, the preponderance of authority was, that mere inadequacy of consideration, not amounting to evidence of fraud, was not ground for refusing specific performance. (Pomeroy on Specific Performance, sec. 194.) But the Civil Code contains the following provision:—

"Sec. 3391. Specific performance cannot be enforced against a party to a contract in any of the following cases:—

"1. *If he has not received an adequate consideration* for the contract;

"2. If it is not as to him just and reasonable."

Here the inadequacy of consideration seems to be mentioned as a distinct ground from the injustice and unreasonableness; and the provision seems to be explicit and absolute. We do not doubt that the point of time to which the question of adequacy must relate is the time of the formation of the contract, and it is safe to say that it is not necessary that there be the highest possible price, but only a consideration which is adequate under all the circumstances. But we think that there was no such consideration for the contract which is sought to be enforced. The lease was a comparatively unimportant part of the contract. The rent for the entire term amounted to only ninety dollars. The real thing which the plaintiffs wanted was the right to purchase, which, under the circumstances of the market, was extremely valuable. They got this right, without any corresponding obligation to purchase, for the insignificant rent paid for the use of the premises, which rent was less even than the rental value of the property. This being the case, we think that, while there was a consideration which was sufficient to render the contract binding at law, yet that so far as the right of purchase was concerned, there was no "adequate" consideration within the meaning of the provision of the Civil Code above referred to.

The criticisms upon the findings do not seem to require a reversal.

We therefore advise that the judgment and order denying a new trial be affirmed.

Belcher, C. C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.