[S. F. No. 1238. Department Two.—May 25, 1899.]

RICHARD N. WINDSOR, Respondent, v. VIRGINIA A. MINER et al., Appellants.

Specific Performance—Pleading—Adequacy of Consideration—Reasonableness of Contract—Nonsuit.—In an action to enforce the specific performance of a contract for the purchase of land, the complaint must state the value of the land, or state facts from which the court may determine whether the consideration is adequate, and whether the contract is as to the defendant just and reasonable; and if no such facts are averred or proved, a motion for a nonsuit should be granted.

Id.—Option to Purchase — Allegations as to Improvements. — Allegations and proof as to improvements made by the plaintiff on leased land, which he was given an option in the lease to purchase, cannot obviate defects in his case in not averring and proving facts showing adequacy of the consideration and fairness of the contract.

Id.—Allegation of Answer—Defects of Plaintiff's Case not Aided. An allegation made in the answer that there was no adequate consideration to support the option to purchase cannot supply the want of an affirmative allegation in the complaint on that subject. Much less can it cure the absence of evidence of an adequate consideration.

APPEAL from an order of the Superior Court of Monterey County denying a new trial. N. A. Dorn, Judge.

The facts are stated in the opinion.

Renison & Jones, for Appellants.

S. F. Geil, and J. W. Bryan, for Respondent.

GRAY, C.—The defendants appeal from an order denying their motion for a new trial.

The action was to enforce specific performance of an option to purchase, given in a lease from defendants to plaintiff, of a certain 85.45 acres of land.

The complaint alleges that on July 6, 1891, plaintiff owned a certain three hundred and ninety acres of land in Monterey county; that defendants had a mortgage on said land to secure an indebtedness of plaintiff to them of twenty thousand eight hundred and ninety-eight dollars and seventy-one cents; that on ·

said date plaintiff executed to defendants a deed of said land; that the consideration of said deed was, among other things, the satisfaction of said mortgage and the debt secured thereby, together with the execution by defendants of a written lease of 85.45 acres, part of the said three hundred and ninety acre tract, to plaintiff for the term of his natural life at an annual rental of five hundred and ten dollars, and an option to purchase the same or any part thereof; that defendants on July 8, 1891, made to plaintiff said lease as agreed with option to purchase; that on April 4, 1895, plaintiff tendered defendants two thousand four hundred and sixty-one dollars, and demanded a deed to a certain 24.61 acres of land, being a portion of said 85.45 acre tract, but defendants refused to make the deed. The part of the lease referring to the option to purchase reads as follows: "And it is further mutually covenanted and agreed by and between the parties thereto that said party of the second part does now and shall at all times during the continuance of the said term hereby demised, to wit, during his lifetime, have the privilege and option of purchasing all or any portion of said 85.45 acre tract above described at and for the rate and sum of one hundred ($100) dollars per acre, and the said parties of the first part in consideration of the covenants on the part of the said party of the second part herein contained, and for other valuable considerations, hereby agree to sell and convey unto the said party of the second part at any time during the continuance of this lease, and of said term hereby demised, upon the demand of said party of the second part, all or any portion of said 85.45 acre tract above described at and for the rate and sum of one hundred ($100) dollars per acre."

The complaint also alleges that plaintiff has placed improvements on said 24.61 acre tract to the value of fifteen hundred dollars, and some other allegations necessary in an action for specific performance are contained in the complaint; but there is no allegation therein as to the value of the whole or any portion of the lands described, nor is there any statement in the complaint to show that the contract sought to be enforced is just and reasonable and founded upon an adequate consideration, nor was there any evidence given on these subjects at the trial.

At the close of plaintiff's case defendants moved for a nonsuit on the ground: "1. It is not shown that defendants, or either of them, received an adequate consideration for the option and privilege of purchase sued on; 2. It is not shown that the contract sued on is as to the defendants just and reasonable."

The motion for a nonsuit was denied, and the court subsequently found "that defendants, and each of them, have received an adequate consideration for the option and privilege of purchase contained in the lease." There seems to be no evidence at all to support this finding, and in the absence of such evidence the motion for a nonsuit should have been granted. Section 3391 of the Civil Code contains the following language: "Specific performance cannot be enforced against a party to a contract in any of the following cases: 1. If he has not received an adequate consideration for the contract; 2. If it is not, as to him, just and reasonable."

Specific performance is an equitable remedy, and it is incumbent upon the plaintiff in an action of this character to show both in the averments of his pleading and in the evidence at the trial that he is entitled to the equitable relief which he seeks. In the absence of any averment or evidence as to the value of the land involved in the controversy, either as to the whole of it or as to any portion of it, with nothing stated upon which to base any estimate of the value or worth of the option and privilege to purchase, how is the court to determine whether defendants have received an adequate consideration or whether the contract is as to them just and reasonable? It may be that the 24.61 acres, for which a deed is sought in this case, is worth twice as much as the balance of the three hundred and ninety acres; if so, the contract sought to be enforced is not just and reasonable as to the defendants. It may be that this land is worth five hundred dollars an acre; if so, one hundred dollars per acre is not an adequate consideration for it. The following cases seem to support the conclusions reached in this case: *Bruck v. Tucker*, 42 Cal. 346; *Nicholson v. Tarpey*, 70 Cal. 608; *Morrill v. Everson,* 77 Cal. 114; *Agard v. Valencia*, 39 Cal. 296; *Arguello v. Bours*, 67 Cal. 447, 451.

The allegations and evidence as to improvements being placed upon the land by plaintiff do not tend to obviate or cure

the defects in plaintiff's case already pointed out. The allegation in the answer that there was no adequate consideration to support the option contract fails to supply the want of any affirmative allegation on that subject in the complaint, and certainly cannot be held to cure the entire absence of evidence as to a consideration. On the strength of the foregoing conclusions it would be an act of supererogation to notice the numerous other points and subdivisions of points contained in the briefs herein.

I advise that the order denying the new trial be reversed.

For the reasons given in the foregoing opinion the order denying the new trial is reversed.

Temple, J., Henshaw, J., McFarland, J.