[Sac. No. 751. Department Two. — September 23, 1901.]

STELLA M. STILES, Respondent; v. HARRY L. CAIN, Appellant.

SPECIFIC PERFORMANCE — PLEADING — INSUFFICIENT COMPLAINT — ADEQUATE CONSIDERATION — FAIRNESS. — A complaint for the specific performance of a contract to convey land must state facts showing that it is based upon an adequate consideration, and is, as to the defendant, fair and just; and if it fails to do so, it is error to overrule a general demurrer thereto.

ID. — CONTRACT BETWEEN HUSBAND AND WIFE — UNDUE INFLUENCE NOT PRESUMED. — A contract entered into between husband and wife is not presumed to have been obtained by undue influence on the part of the wife; though, in seeking specifically to enforce the contract, she must allege and prove facts showing its fairness and adequacy.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, for Appellant.

N. J. Barry, for Respondent.

TEMPLE, J. — This is an action for specific performance. The plaintiff had judgment, and defendant appealed therefrom within sixty days after its rendition, and the evidence was preserved in a bill of exceptions. The parties were husband and wife when the contract involved in the case was entered into, but have since been divorced, and the plaintiff has assumed her maiden name. A general demurrer for want of facts was interposed to the complaint, which was overruled.

The complaint shows that the parties entered into an agreement, which is set out at length, and that plaintiff has fully performed on her part; that defendant has paid her the sum of money agreed upon, and conveyed to her a portion of the property, but refused, and still does refuse, to convey to her a strip thirty feet wide upon which the barn is partly situate. She avers that damages would not afford an adequate remedy, and therefore asks for specific performance.

The complaint contains no allegation to the effect that there was any consideration for the contract, except by the averment that it was in writing, which fact, under our code, imports a consideration. Nor are any of the circumstances under which the contract was entered into shown, otherwise than by the recitals found in the written contract. These cannot be regarded as averments of the pleader, at all events, beyond the covenants found in it, of which specific performance is asked.

The first point made against the complaint is, that it does not show facts which would entitle plaintiff to the equitable relief of specific performance. It does not, it is said, aver that the contract which plaintiff desires to enforce was founded upon an adequate consideration, and was in all respects fair and just as to defendant, as required by section 3391 of the Civil Code. As said in *Bruck* v. *Tucker*, 42 Cal. 346, in an application to a court of equity for such relief, it is not enough that the contract is valid, or " that it is free from fraud or from such a degree of imposition or surprise upon the defendant as would support an application on his part to set it aside entirely, — these and the like circumstances, though ordinarily indispensable, are yet far from sufficient in themselves, as constituting a case invoking the relief — extraordinary in its character — sometimes administered by the courts through the instrumentality of a decree for specific performance."

There are, then, contracts which are perfectly valid, and which a court of equity would not set aside for fraud, mistake,

or for any unfairness, but which, nevertheless, are so unfair. that specific performance will not be decreed. This has always been the rule with courts of equity. They will not aid in the enforcement of a harsh and unjust contract, even though it be valid. The case cited also holds that the party seeking such relief must show, both by averment and proof, that the contract is, as to the defendant, fair and just. That the evidence must show such a case cannot be doubted, and this case distinctly holds that what must be proven on that subject must also be averred. This does not mean that it must be alleged *in hæc verba* that the contract was supported by an adequate consideration, and is, as to the defendant, fair and just. These might be held insufficient, but the fact that the contract is such as will satisfy the conscience of the chancellor, in the respects mentioned, must appear from a proper statement of facts.

The rule has been frequently affirmed since, as in *Nicholson* v. *Tarpey,* 70 Cal. 608, *Morrill* v. *Everson,* 77 Cal. 114, and in the very recent cases of *Windsor* v. *Miner,* 124 Cal. 492, and *Prince* v. *Lamb,* 128 Cal. 120.

It is also contended that the complaint is defective because it does not show that the contract was founded upon an adequate consideration, and was not obtained through undue influence, inasmuch as the parties to it were husband and wife. A quotation is made from *White* v. *Warren,* 120 Cal. 323, giving what was said to be the effect of sections 158 and 2235 of the Civil Code, as applied to husband and wife: "All transactions between the husband and wife, by which one obtains an advantage over the other, are presumed to be entered into by the latter without consideration, and under undue influence." Several opinions were rendered in that case, and it may be doubted whether the above statement of the law received the sanction of a majority of the court.

Certainly, another proposition contained in that opinion, upon which this, in part, depended, did not receive the approval of the court, — that is, that the trustee obtains an "advantage," within the meaning of section 2235 of the Civil Code, only when he gets the best of the trade. This construction would partially repeal the section, the main effect of which is to put the burden of proof upon the trustee to show the propriety of his conduct in all transactions with his beneficiary. The rule is older than the code, and is, that such a

contract, without any *proof* of unfairness, is voidable, at the option of the beneficiary, but "it is possible for the trustee to overcome the presumption of invalidity." (2 Pomeroy's Equity Jurisprudence, sec. 958.) The rule which was codified declared the presumption to be, that the trustee got the best in every transaction with his beneficiary, and did not give an adequate consideration for what he got. To say that the beneficiary must prove that the consideration was inadequate, is to reverse this time-honored rule.

These two sections of the code were discussed in *Dimond* v. *Sanderson*, 103 Cal. 97, and again in *Tillaux* v. *Tillaux*, 115 Cal. 663. The general conclusion reached in these cases accords with my views, although I would reach the end in a slightly different way.

Section 158 of the Civil Code authorizes husband and wife to enter into any transaction with each other, "subject to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts." The most important provision on this subject found in the chapter on trusts is found in section 2235 of the Civil Code, which reads: "All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration, and under undue influence."

It will be seen that the presumption of unfairness is against the trustee, and in favor of the beneficiary. The beneficiary may get an advantage from the trustee. If the transaction is a fair one, each would get an advantage from the other. The presumption could not be in favor of and against each at the same time, that he obtained his advantage without sufficient consideration, and by the use of undue influence. These conflicting presumptions are just as impossible in the case of husband and wife. Neither husband nor wife is a technical trustee of the other in respect to the subject of these transactions, but the section is to be construed as all laws should be, with reference to conditions and circumstances. By our statutes, so great a change has been made in the property rights of a wife, from those formerly existing, that it may be said that she is thereby, with reference to her separate property, emancipated from the control of her husband. This

emancipation from a control which was previously quite complete was largely accomplished by section 158 of the Civil Code. But in giving her the right freely to contract in regard to property with her husband, the legislature naturally sought to give her some protection from the influence of her husband. The right to control her own affairs would not free her from what usually in fact is, and is always presumed to be, the predominating influence of her husband. At common law she could enter into no contract, and her husband could not convey property to her, but only to a trustee for her benefit. Her civil existence was merged in that of her husband. She could not be held responsible for a common assault committed in his presence, but he would be liable for such acts on her part. In fact, the entire framework of the law in regard to the property rights of married women rested upon the assumption of the dominion of the husband over the wife. This section was a change in that system, in favor of the wife, and the protection here furnished is to her.

I do not contend that there is no legal presumption that the wife has great influence over her husband. Such presumption does exist, and may be an important factor in any litigation between them. The question is, whether this influence is presumed to be " undue influence," within the meaning of section 1575 of the Civil Code, without proof of the fact, in case she has a business transaction with her husband. I think not, and such, I think, is the effect of the two cases I have cited above.

In this case, as already stated, the circumstances are not shown, save by the recitals in the contract. If we can regard those, it appears that the wife had brought suit against her husband to recover two promissory notes of the alleged value of four thousand dollars, and had, besides, sued him for a divorce. By the agreement, she relinquished her claim to the notes, and promised to dismiss her action for a divorce "on the merits." She avers that he paid her the money and conveyed a portion of the homestead to her, and refused to convey the balance.

Assuming that these matters may be considered, they show that the wife was not then under the predominating influence of her husband, and that the consideration for the agreement *may*, in part, have been to compose a matrimonial dispute. So far as it was, that would not be capable of pecuniary esti-

mation.   But there is nothing to show that the contract was fair and just as to the defendant.   Upon this proposition the construction of section 158 of the Civil Code has no bearing, while the recited facts suggest the possibility of unfairness. She could have shown in her complaint that she made claim to the notes in good faith, and was not founding her claim upon violated confidence reposed in her by her husband, as was the case in *Brison* v. *Brison*, 90 Cal. 323.

So, too, in regard to the action for a divorce.   She could have shown that it was not brought for the purpose, and was not used to extort a harsh and unreasonable settlement from the defendant.   That such an action *could* be so used under some circumstances is obvious.   For instance, charges might be made, in some cases, which the defendant would make great sacrifice to avoid a trial of.

A reversal will necessitate a reconstruction of the pleadings, if the case is carried further, and some other points made need not be noticed.

Judgment reversed and cause remanded for a new trial.

McFarland, J., and Henshaw, J., concurred.