[Sac. No. 1391. In Bank.—December 18, 1905.]

MARY FLOOD, Respondent, v. CHARLES TEMPLETON, Executor of James Sullivan, Deceased, et al., Appellants.

PLEADING—INTERLINEATIONS IN COMPLAINT—AMENDMENT—DEMURRER.—Brief additions made to a complaint by way of immaterial interlineations do not constitute the pleading an amended complaint, necessitating a new demurrer. A demurrer filed to the complaint prior to such additions is not waived.

ID.—FAILURE TO STATE CAUSE OF ACTION.—An objection to the complaint that it does not state facts sufficient to constitute a cause of action may be urged at any time without demurrer.

ID.—SPECIFIC PERFORMANCE — CONSIDERATION — REASONABLENESS.— The complaint in an action for the specific performance of a contract must show that the party against whom enforcement is sought has received adequate consideration and that the contract is just and reasonable.

ID.—AGREEMENT TO DEVISE LAND—MORTGAGOR AND MORTGAGEE.—Specific performance of an agreement by a mortgagee of land to devise the mortgaged premises to the mortgagor in consideration of the latter's forebearance in an action to foreclose the mortgage to interpose a set-off and a plea of the statute of limitations to a portion of the mortgage debt will not be decreed in the absence of any allegation in the complaint as to the value of the land so as to show the reasonableness of the agreement.

ID.—PECUNIARY COMPENSATION.—Specific performance of such an agreement will not be decreed, for the reason that the damages occasioned to the mortgagor by reason of the failure of the mortgagee to devise the land can be compensated in money.

APPEAL from a judgment of the Superior Court of Glenn County and from an order refusing a new trial. Oval Pirkey, Judge.

The facts are stated in the opinion of the court.

R. L. Clifton, and McCoy & Gans, for Appellants.

Frank Freeman, for Respondent.

HENSHAW, J. — Plaintiff's action was to enforce an alleged agreement made between himself and James Sullivan in his lifetime, whereby Sullivan agreed by his last will and

testament to devise to plaintiff real property described in the complaint. Defendants' demurrer to the complaint was overruled. They answered by denial, and by cross-complaint sought to quiet title to the property which was then in possession of plaintiff under lease. Trial was had, and the court gave judgment for plaintiff as prayed for, and from that judgment and from the order denying their motion for a new trial defendants appeal.

The complaint does not disclose any ground for equitable relief, and defendants' demurrer to it should have been sustained. Plaintiff alleges that she was the owner of a certain piece of land, and was in possession of it; that on the fourth day of February, 1899, she owed Sullivan upon her promissory note, secured by mortgage upon this land, $9,696 principal and $5,226 interest; that upon the first day of January, 1899, Sullivan had become indebted to her in the sum of $5,875.50 for board, lodging, washing, nursing, etc, and for the pasturing of his stock upon her land; that no balance had been struck in their accounts, and that their accounts were open, mutual, current, and undetermined; that Sullivan, in February, 1899, made demand upon plaintiff for the payment of her indebtedness; that the first installment of the promissory note, amounting to the sum of $969.67, was at that time barred by the statute of limitations. Thereupon plaintiff and deceased entered into the following agreement: "That the said Sullivan should proceed to foreclose the mortgage given to secure the note hereinbefore set out, which said note and mortgage are herein marked 'Exhibit A,' and obtain a judgment and deed, through foreclosure proceedings, to the said land and premises then owned by the said Mary Flood and hereinbefore described, and that the said Mary Flood should refrain from pleading the statutes of limitations as a bar to said first installment due on said note, and should refrain from setting up as a set-off to the said foreclosure proceedings the said amount of $5,875.50, which was then due from the said Sullivan to the said Mary Flood, and, in consideration of the said Mary Flood not so pleading the statutes of limitations or setting up said set-off in said foreclosure proceedings, the said Sullivan agreed that after he obtained title to said premises in said foreclosure proceedings he would rent to the said Mary Flood the prem-

ises herein described, as long as he, the said Sullivan, lived, for the sum of four hundred dollars a year, and that he would make and leave at his death a last will in favor of the said Mary Flood, devising and bequeathing to her, the said Mary Flood, all of the said land and premises hereinbefore described and described in said mortgage, so that the said Mary Flood, upon the death of the said Sullivan, should become the owner in fee of the whole of the said land and premises clear of encumbrance.'' The complaint then avers the foreclosure proceedings, the performance upon the part of plaintiff of the obligations imposed upon her by the agreement, the leasing of the property to her, and her occupation of it until the death of Sullivan, his failure to devise her the property, and the consequent injury. The original complaint set forth the agreement between the parties, as above quoted. To this the demurrer was interposed and overruled. Subsequently, during the course of the trial, plaintiff was permitted to amend, and did amend, in the following particulars: She was allowed to add an interest charge to the amount which she claimed, $5,875.50, so that the complaint read that there was due to her from Sullivan the amount of $5,875.50, ''and interest thereon''; and further, she was allowed to amend the allegation as to Sullivan's promise, so as to make it read that Sullivan would rent to Mary Flood the premises herein described ''so long as she, the said Mary Flood, lived,'' instead of reading ''so long as he, the said Sullivan, lived.''

Respondent interposes a preliminary objection to the consideration of the demurrer, upon the ground that an amended complaint supersedes the original complaint, and that, as defendants did not demur to the amended complaint, they waived their demurrer by this omission. Some force might attach to this argument, if the amended complaint in any vital respect changed the issues or relieved the original complaint from the objections pressed by the original demurrer, but in this case there was no amended complaint. There were merely brief amendments by way of interlineations made to the original complaint, and those amendments in no way relieved from, nor even affected, the grounds of demurrer which had been urged against the pleading. In such cases it is well settled that not only is a new demurrer unnecessary, but that it is not error for the court to refuse, upon applica-

tion, to permit a new demurrer to be presented. (6 Ency. of Plead. & Prac., p. 381; *Stanton* v. *Kenrick,* 135 Ind. 382, [35 N. E. 19]; *Hawthorne* v. *Siegel,* 88 Cal. 159, [25 Pac. 1114, 22 Am. St. Rep. 291].) Moreover, and finally, it may be said upon this point that the demurrer is a general one, and charges a failure in the complaint to state facts constituting a cause of action; and this may be urged at any time without demurrer. (Code Civ. Proc., sec. 434; *Ryan* v. *Holliday,* 110 Cal. 335, [42 Pac. 891].)

It is a rule of equity, embodied in section 3391 of the Civil Code, that specific performance cannot be enforced against a party to a contract if he has not received adequate consideration for the contract, and if the contract is not, as to him, just and reasonable. In other words, the complaint must show that the party against whom enforcement is sought has received adequate consideration and that the contract is just and reasonable. In the complaint at bar there is an absence of averment to show any of these things. It is made to appear that plaintiff was indebted to the defendant in the sum of $14,922, against which plaintiff claimed the set-off of $5,875 and an additional reduction in the sum of $969, as to which she could plead the statute of limitations. There is no averment that this $14,922 was not justly owing to Sullivan. Indeed, the averments of the complaint show that it was, and certainly no equity is disclosed by the intimation that plaintiff would have availed herself of the strictly legal defense of the statute of limitations to a money demand admitted honestly due the creditor. This, however, is a minor matter, and it is mentioned merely in passing. The consideration moving from the plaintiff, therefore, is found in her agreement to forbear to urge her set-off and to plead the statute of limitations against Sullivan's foreclosure. But there is no allegation as to the value of the land. It is not made to appear whether Sullivan gained much or little, or anything at all, by the forbearance. For aught that is shown, even if plaintiff had successfully interposed this set-off and her plea of the statute of limitations, foreclosure would still have resulted, and it is not made to appear that plaintiff would have bought in the property at foreclosure, that the property was worth more than it would have been foreclosed for, or, in short, that plaintiff suffered any detriment

or deceased gained any advantage thereby. As this court has said in *Bruck* v. *Tucker*, 42 Cal. 346, "The court is to be satisfied that the contract is founded upon, not merely a valuable, but an adequate, consideration. But how are we to be so satisfied here, where there is an absence of all averment upon that point." (*Windsor* v. *Miner*, 124 Cal. 492, [57 Pac. 386] ; *Stiles* v. *Cain*, 134 Cal. 170, [66 Pac. 231].)

But in another respect even more fatal to its sufficiency is the complaint radically defective. While it seeks the specific performance of a contract to devise real property by last will without allegation as to the value of the property at the time of the agreement, nor indeed at any other time, it bases the right to compel this performance upon plaintiff's forbearance merely in the matter of a money demand. Equity, it is true, does entertain contracts for specific performance to convey the whole or any portion of the promisor's property by will, but it decrees such performance, first, only upon clear proof of fairness, justness, and adequacy, and where the rights of innocent third parties are not imperiled; and second, it does so only where the plaintiff cannot be compensated in money. These cases usually arise where the service is of some extraordinary nature which cannot be, and in the contemplation of the parties was never expected to be, paid for in money, as where home ties are broken, and minors go to live with an adult upon his promise that he will stand *in loco parentis* and will to them his property in return for their filial services during his lifetime. As was said by this court in *Owens* v. *McNally*, 113 Cal. 444, [45 Pac. 710], "Specific performance is not to be decreed under strict rule and formula. Every consideration which may be properly urged upon the court is to be weighed and passed upon, and it will be decreed only when no other adequate relief is available to plaintiff, and even then it will be denied, if it operates by way of a hardship upon the innocent." The jurisdiction of a court of equity to decree specific performance does not, as was said in *Senter* v. *Davis*, 38 Cal. 450, depend at all upon the question whether the contract relates to real or personal property, but altogether upon the question whether the breach complained of cannot be adequately compensated in damages. If it can, the action has no place in a court of equity, and the plaintiff's remedy is

strictly in law. Equity is designed only to supplement the
deficiencies of the law. So it will be found that in all of the
cases in which specific performance of these agreements to
leave property by will has been decreed by the courts, there
has been present the element of peculiar personal services,
fully performed and incapable of compensation in money.
Such was the case in *Owens* v. *McNally,* 113 Cal. 444, [45
Pac. 710], and that, also, of *McCabe* v. *Healy,* 138 Cal. 81,
[70 Pac. 1008]. It is said in *Jaffe* v. *Jacobson,* 48 Fed. 21,
"In all the cases called to our attention in which relief
was afforded, it appears that the promisees had substantially
discharged the obligations which they had severally assumed.
In most, if not all, instances they had lived in the promisor's
household as members of his family, and had rendered faith-
ful and effectual services for a long period of years. It was
not possible, therefore, to administer adequate relief other-
wise than by decreeing specific performance." In *Burns* v.
*Smith,* 21 Mont. 251, [53 Pac. 742, 69 Am. St. Rep. 653], it
is said: "We come to this conclusion more readily, as we
are of the opinion that the parties to the alleged contract
never contemplated that the services of plaintiff were to be,
or could be, compensated in money." In *Healy* v. *Simpson,*
113 Mo. 340, [20 S. W. 881], the court said: "And, when
the mother sent her child to dwell in another's family in a
distant state, she yielded much affection and love; and Brew-
ster, by the same act, gained the companionship of one who
added much, no doubt, to his enjoyment of life. . . . In the
very nature of things, nine years in the life of a child so
changed conditions that it is out of the power of an earthly
tribunal to restore the parties to their original situation and
environment, and the courts, therefore, compel them to stand
upon and abide by the record they have made." So in *Stell-
macher* v. *Bruder,* 89 Minn. 507, [95 N. W. 324, 99 Am. St.
Rep. 609], the consideration for the deceased's promise
being board, lodging, care, etc., it was alleged in the com-
plaint that it was impossible to estimate the value in money,
or by any pecuniary standard. The court, holding that the
complaint did not state facts sufficient to constitute a cause
of action, and that the demurrer thereto was properly sus-
tained, said: "If the consideration for the contract be labor
and services which may be estimated, and their value

liquidated in money, so as reasonably to make the promisee whole, specific performance will not be decreed. But where the consideration of the contract is that the promisee shall assume peculiar and domestic relations to the promisor, and render to him services of such a peculiar character that it is practically impossible to estimate their value by any pecuniary standard, specific performance will be decreed. . . . There being no element of a peculiar personal and domestic relation in the contract, as alleged in the complaint under consideration, it does not appear upon the face thereof that the plaintiff cannot be fairly compensated in money for her uncle's breach of his oral contract.'' In the complaint before us we are not left in any embarrassment or doubt as to the nature of the service. There was no service at all. A married woman or widow was occupying a piece of land mortgaged to the deceased, and forbore to press a fixed monetary demand in consideration of his agreement to deed her the property upon his death. He failed to do so. The value of the forbearance is established in the terms of her complaint. Her damages for deceased's alleged breach can, with equal readiness, be found, and compensation made in money.

Plaintiff's forum is therefore a court of law, and not a court of equity; and the judgment and order appealed from are reversed, with directions to the trial court to sustain the demurrer to the complaint.

McFarland, J., Van Dyke, J., Lorigan, J., Shaw, J., and Angellotti, J., concurred.