[Sac. No. 1380. Department One.—August 30, 1906.]

## S. J. WHITE, Respondent, v. W. A. SAGE, Appellant.

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE OF CONTRACT—ACTION IN EQUITY BY VENDOR—INSUFFICIENT COMPLAINT.—A complaint in equity by a vendor to enforce the performance by the purchaser of an executory contract for the sale of land, and to enforce the lien of the vendor for the balance of the purchase price, which does not allege facts affirmatively showing adequacy of consideration, and that the contract is just and reasonable as to the defendant, is insufficient, and a demurrer thereto was improperly overruled.

ID.—AVERMENT OF PRICE—VALUE—REASONABLENESS OF CONTRACT.—An averment of the price agreed to be paid for the land is not sufficient. There must be a showing of its value, at least so that the court can determine whether or not it was in reasonable proportion to the price to be paid, or of other facts which are sufficient to satisfy the court that the contract is just and reasonable to the buyer in all its material elements.

ID.—DEFENSE OF INSUFFICIENCY OF VALUE — OMISSION IN FINDING.— Where the answer alleges that the value of the land was a sum less than half of the price agreed to be paid, the failure to find upon this issue as well as the insufficiency of the complaint requires a reversal of the judgment for the plaintiff.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge.

The facts are stated in the opinion of the court.

Frank McGowan, and Elmer Westlake, for Appellant.

F. B. Brown, and Dixon L. Phillips, for Respondent.

SHAW, J.—The complaint is by the vendor in an executory agreement for the sale of land, to enforce the performance of the contract by the vendee. It sets out the contract, a tender by the plaintiff, accompanied by a demand for payment of the price, and the refusal of the defendant to pay, avers

that the plaintiff is the owner in fee and is ready and willing to convey, and that he has a lien, as vendor, for the price, upon the defendant's equitable interest under the contract, and asks for judgment against the defendant for the balance of the purchase money unpaid, that defendant be given a reasonable time, to be fixed by the court, within which to pay the same, and that, in default of such payment, the defendant's interest in the land be sold, the proceeds applied on the amount adjudged due, that defendant's rights to the land be thereupon foreclosed, and for judgment and execution against the other property of the defendant for any balance of the price remaining unpaid after the application thereon of the proceeds of said sale. It is clearly a suit of the character formerly cognizable in equity alone to enforce the specific performance of a contract, and is an appeal to the equity jurisdiction of the court. (*Sparks* v. *Hess,* 15 Cal. 194; *Glock* v. *Howard,* 123 Cal. 1, [69 Am. St. Rep. 17, 55 Pac. 713].)

A demurrer to the complaint on the ground that it does not state facts sufficient to state a cause of action was overruled by the court.

We think the complaint was insufficient and that the demurrer should have been sustained. By the contract sought to be enforced, which was executed on July 28, 1903, White agreed to sell and convey to Sage eighty acres of land, for the sum of $11,000, and Sage agreed to buy the same at said price, paid ten dollars down, and promised to pay the remainder of $10,990 on or before August 15, 1903. There is no allegation that the land was worth the price agreed to be paid, nor any allegation whatever as to its value, nor any averment that the price is adequate or in fair proportion to the value of the land, nor that Sage ever had possession of the land nor of any other facts going to show that the consideration of the contract of Sage to buy the land was adequate, or that, as to him, it is just and reasonable. For want of such showing the complaint must be held insufficient to authorize a court of equity to enforce performance.

The Civil Code (sec. 3391) declares that "Specific performance cannot be enforced against a party to a contract in any of the following cases: 1. If he has not received an adequate consideration for the contract; 2. If it is not, as to him, just and reasonable; 3. If his assent was obtained

by the misrepresentation, concealment, circumvention, or unfair practices of any party to whom performance would become due under the contract.'' In *Bruck* v. *Tucker,* 42 Cal. 353, upon this point the court said: ''The agreement alleged must be one which in all its features appeals to the judicial discretion as being fit to be enforced in specie—as having been obtained without any intermixture of unfairness. Hence, if it appear that the bargain, though obligatory in point of mere law, and one not to be set aside in equity, is, nevertheless, a *hard bargain,* the court will not relieve. Of such a bargain Lord Hardwicke said: 'The constant rule of the court is not to carry it into execution.' The same view was asserted by the Chancellor in *Seymour* v. *Delancey,* 6 Johns. Ch. 222, where the value, which the complainant was to pay, was, by the estimate of the court, a little less than one half that of the estate bargained for.'' In *Prince* v. *Lamb,* 128 Cal. 128, [60 Pac. 692], the same principle was approved, and it was said: ''These principles are not restricted to contracts for the conveyance of land, but they apply in all cases where the equitable jurisdiction of the court is invoked to enforce the specific performance of any obligation.'' In *Stiles* v. *Cain,* 134 Cal. 171, [66 Pac. 232], Mr. Justice Temple says on this subject: ''There are, then, contracts which are perfectly valid, and which a court of equity will not set aside for fraud, mistake, or for any unfairness, but which, nevertheless, are so unfair that specific performance will not be decreed. This has always been the rule with courts of equity. They will not aid in the enforcement of a harsh and unjust contract, even though it be valid.'' This doctrine has been repeatedly affirmed by this court in other cases. (*Agard* v. *Valencia,* 39 Cal. 302; *Nicholson* v. *Tarpey,* 70 Cal. 609, [12 Pac. 778]; *Kelly* v. *Central Pacific R. R. Co.,* 74 Cal. 562, [5 Am. St. Rep. 470, 16 Pac. 386]; *Morrill* v. *Everson,* 77 Cal. 114, [19 Pac. 190]; *Ward* v. *Yorba,* 123 Cal. 447, [56 Pac. 58]; *Windsor* v. *Miner,* 124 Cal. 494, [57 Pac. 386]; *Fleishman* v. *Woods,* 135 Cal. 261, [67 Pac. 276].)

These are all cases in which the vendee was seeking to compel the vendor to perform the contract by the execution of a deed. But this does not affect the rule of the code. It applies with equal force to both parties. There is no reason why the ''conscience of a chancellor'' should not be as tender toward

the buyer as toward the seller, if he is the victim of an
unconscionable bargain.

The rule that the party seeking in equity the specific per-
formance of a contract must aver facts which affirmatively
show adequacy of consideration, and that it is just and reason-
able as to the other party, is also well settled. In the first
case on the subject, *Agard* v. *Valencia,* 39 Cal. 302, the court
says: "Another well-established rule in courts of equity is,
that in a suit for a specific performance, it must be affirma-
tively shown that the contract is fair and just, and that it
would not be inequitable to enforce it. The court will not
lend its aid to enforce a contract which is in any respect unfair
or savors of oppression, but in such cases will leave the party
to his remedy at law. It is incumbent on the plaintiff, there-
fore, to state such facts as will enable the court to decide
whether the contract is of such a character that it would not
be inequitable to enforce it." *Bruck* v. *Tucker,* 42 Cal. 353,
is to the same effect. In *Stiles* v. *Cain,* 134 Cal. 171, [66 Pac.
232], upon this proposition the court said: "This does not
mean that it must be alleged *in hæc verba* that the contract
was supported by an adequate consideration, and is, as to
the defendant, fair and just. These might be held insufficient,
but the fact that the contract is such as will satisfy the con-
science of the chancellor, in the respects mentioned, must
appear from a proper statement of facts." The same rule
of pleading is declared in *Ward* v. *Yorba,* 123 Cal. 447, [56
Pac. 58]; *Windsor* v. *Miner,* 124 Cal. 494, [57 Pac. 386];
*Prince* v. *Lamb,* 128 Cal. 128, [60 Pac. 692]; *Nicholson* v.
*Tarpey,* 70 Cal. 609, [12 Pac. 778]; *Morrill* v. *Everson,* 77
Cal. 114, [19 Pac. 190]; and *Fleishman* v. *Woods,* 135 Cal.
261, [67 Pac. 276]. The effect of these decisions is that the
mere statement of the price agreed to be paid, as in this
case, will not suffice. There must be a showing of the
value, at least, so that the court can determine whether or
not it was in reasonable proportion to the price to be paid,
or of other facts which are sufficient to satisfy the court that
the contract is just and reasonable to the buyer in all its
material elements. There is an entire absence of anything
of this nature in the complaint under consideration. The
answer alleged that the value of the land at the time of the
contract did not exceed $4,400, which was considerably less

than one half the price that Sage was to pay. The finding is evasive upon this question. There is no finding of the actual value of the land, but it is said therein that it is not true that "the said land was of the value and worth not exceeding the sum of $4,400," which finding could be true if the land was worth only one dollar more. The failure to find on this issue also requires a reversal of the judgment. There is a bill of exceptions in the record, the authenticity of which is disputed, from which it appears that the uncontradicted evidence was that the value of the land did not exceed $4,400, so that if this bill of exceptions could be considered, the finding, even in its evasive form, would be contrary to the evidence. But we do not consider it necessary to determine the question whether the bill of exceptions is properly in the record or not. It being incumbent upon the plaintiff to allege in his complaint facts showing adequacy of consideration, and that the contract was just and reasonable as to the defendant, the demurrer should have been sustained, and for this error and the failure to find the value, the judgment must be reversed regardless of the question whether the evidence sustains the findings.

It is but fair to the court below to say that there is nothing in the record, or in the briefs, indicating that this defect in the complaint was ever called to its attention in argument.

The judgment is reversed with directions to the court below to sustain the demurrer to the complaint and for further proceedings.

Angellotti, J., and Sloss, J., concurred.