[S. F. No. 4575.   Department One.—April 30, 1908.]

## J. HERZOG and AUGUSTA HERZOG, Appellants, v. ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY, Respondent.

SPECIFIC PERFORMANCE—CONTRACT FOR LOCATION OF RAILROAD STATION—
WHEN ENFORCEABLE.—A contract for the location of a railroad station may be enforced specifically, where it is fair and just and leaves the railroad free to serve the public interests by the location

of additional stations as they might be needed, without limitation of number or location.

ID.—WHEN NOT ENFORCEABLE.—Specific performance of a contract for such location will not be enforced, to subserve mere private interests, in such manner as to hamper the railroad in the performance of its duties to the public, or if the contract is to establish no other stations within a given distance of the agreed location, or where the enforcement of the contract would impose a great burden on the defendant without corresponding benefit to the plaintiff, or would be detrimental to the interests of the public.

ID.—SHOWING OF FAIRNESS AND JUSTICE REQUIRED—ADEQUACY OF CONSIDERATION.—A complaint for specific performance of a contract must, in order to be sufficient as against a general demurrer, state facts from which the court may determine that the consideration is adequate, and that the contract is as to the defendant, fair, just, and reasonable, and that it would not be inequitable to enforce it.

ID.—INSUFFICIENT COMPLAINT TO ENFORCE SPECIFIC PERFORMANCE OF CONTRACT FOR STATION.—Where the complaint for specific performance of a contract for the location of a railway station lacks the showing of fairness, justice, and reasonableness of the contract, or the adequacy of its consideration, and does not state the value of the right of way conveyed to the company as the consideration for the contract, nor allege the cost to the defendant of compliance with the contract, nor show that plaintiffs are the owners of any land near the proposed station, and fails to show that the recovery of damages for breach of the contract would not be an adequate remedy, it is wholly insufficient, as against a general demurrer.

ID.—ALLEGATION OF PAST OWNERSHIP—PRESUMPTION OF CONTINUANCE INAPPLICABLE.—The allegation in the complaint that plaintiffs owned land adjoining the right of way in 1881, is not an allegation that they owned it at any later date. The presumption of the continuance of facts shown to exist, is merely a rule of evidence and not of pleading, and cannot dispense with the averment of the fact of continued ownership.

APPEAL from a judgment of the Superior Court of Alameda County. Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

J. J. Scrivner, and Alfred H. Cohen, for Appellants.

T. J. Norton, H. D. Pillsbury, and E. E. Milliken, for Respondent.

SLOSS, J.—To plaintiffs' complaint the defendant interposed a demurrer for want of facts constituting a cause of

action. The demurrer was sustained without leave to amend, and plaintiffs appeal from the ensuing judgment in favor of defendant.

The complaint states these facts. On September 20, 1881, and long prior thereto the plaintiffs were the owners and in possession of a tract of land in Alameda County containing some sixty-five acres. On September 30, 1881, the California and Nevada Railroad Company executed and delivered to plaintiffs a writing whereby, in consideration of plaintiffs "signing for" a right of way for said railroad over their land, the railroad company agreed to "establish and maintain a permanent station to deliver and take passengers and freight at each passing train, said station to be situated at the north side of said Alcatraz Avenue and on the west side of Lowell Street, and to receive and discharge passengers from all but express trains upon proper signal." At the same time, and in consideration of the execution and delivery of this instrument, the plaintiffs signed and delivered to the railroad company the right of way over their lands referred to in the instrument. Subsequently, the California and Nevada Railroad Company laid down railroad tracks over such right of way and operated passenger and freight trains thereon. In 1893 the defendant, Atchison, Topeka and Santa Fe Railroad Company, purchased of the California and Nevada Railroad Company the right of way granted by plaintiffs and has ever since been in possession of the same, and has been operating passenger and freight trains thereon. At the time of its purchase the defendant had notice of its predecessor's agreement with plaintiffs and assumed the obligation to perform the same.

Neither the defendant nor its predecessor in interest has ever established or maintained a permanent or any station at the place or for the purposes specified in the agreement, nor has either of them stopped any train at such place. On June 2, 1904, plaintiffs requested the defendant to comply with the terms and conditions of said agreement, but the defendant has failed and refused to perform any of such terms and conditions. Plaintiffs have, upon their part, performed all the terms and conditions required of them to be performed. On account of the failure and refusal of the defendant to so comply, plaintiffs "have suffered great and irreparable dam-

age, and if said terms and conditions, as aforesaid, are not carried out and performed by defendant, these plaintiffs will continue to suffer great and irreparable damage."

The complaint concludes with a prayer for a decree compelling the defendant to establish a station as agreed, to deliver, receive, and discharge passengers thereat, and to stop all trains except express trains, at such station for these purposes.

The action is clearly one for specific performance of a contract, not to recover damages for its breach (*Pittsburgh Coal Co.* v. *Greenwood,* 39 Cal. 71; *Bohall* v. *Diller,* 41 Cal. 532; *Prince* v. *Lamb,* 128 Cal. 130, [60 Pac. 689]), and the sole question is whether the complaint alleges facts entitling the plaintiff to the equitable relief sought. It is argued by the respondent that it is the duty of railroad corporations, which are performing functions partaking of a public character, to locate their stations at places where they will best serve the public needs and convenience, and that, accordingly, a court of equity will not, in order to subserve mere private interests, compel the location of stations for the stopping of trains in such manner as to hamper the company in the performance of its duties to the public. The rule thus invoked has been applied to cases more or less similar to the present one. (*Texas and Pacific Ry. Co.* v. *City of Marshall,* 136 U. S. 393, [10 Sup. Ct. 846]; *Beasley* v. *Texas and Pacific Ry. Co.,* 191 U. S. 492, [24 Sup. Ct. 164]; *Marsh* v. *Fairbury etc. R. Co.,* 64 Ill. 414, [16 Am. Rep. 564]; *Mobile etc. R. R. Co.* v. *People,* 132 Ill. 559, [22 Am. St. Rep. 556, 24 N. E. 643]; *St. Joseph etc. R. Co.* v. *Ryan,* 11 Kan. 602, [15 Am. Rep. 357]; *Pacific R. Co.* v. *Seely,* 45 Mo. 212, [100 Am. Dec. 369]; *Holladay* v. *Patterson,* 5 Or. 177; *Texas etc. R. Co.* v. *Scott,* 77 Fed. 726, [23 C. C. A. 424].) Nearly all of these cases, however, involved contracts which undertook to bind the railroad company, not merely to locate a station at a particular place, but to establish no other station within a given distance of such places. In such cases, it was the exclusive character of the accommodation contracted for that was thought by the courts to involve an attempt to interfere with the companies in the performance of their duty to the public. In other words, the common carrier could not be permitted to bind itself not to furnish accommodations wherever they

might be needed. This consideration does not apply to the case of a contract which merely binds the company affirmatively to furnish certain accommodations to the plaintiff, without in any way debarring it from fully complying with all its duties to others entitled to its service. The contract here alleged did not bind the company to limit in any degree the facilities to be furnished to the public. It required the establishment and maintenance of a station at a place named, but left the company free to establish additional stations as they might be needed, without limitation of number or location. Contracts similar to the one here in question have been specifically enforced. (*Hood* v. *North Eastern Ry. Co.*, L. R. 8 Eq. 666; *Lawrence* v. *Saratoga Lake Ry. Co.*, 36 Hun, 468, cited with approval in *Prospect Park etc. R. R. Co.* v. *Coney Island etc. R. R. Co.*, 144 N. Y. 153, [39 N. E. 17]; *Murray* v. *North Western R. R. Co.*, 64 S. C. 520, [42 S. E. 617].) Where such contracts are limited to the creation of a right to a certain station or train service at given points, without in any way making the right exclusive or infringing upon the company's obligation to furnish proper service at any other place where it may be needed, we are not prepared to hold that their enforcement would necessarily be violative of public policy. (*Texas and St. L. R. R. Co.* v. *Roberts*, 60 Tex. 545, [48 Am. Rep. 268]; *Int. & G. N. R. R. Co.* v. *Dawson*, 62 Tex. 260; *Greene* v. *West Cheshire Ry. Co.*, L. R. 13 Eq. 44.)

A different question is presented where, upon the trial, or from the allegations of the bill, it appears that the enforcement of the contract would impose a great burden upon the defendant, with a slight or no corresponding benefit to the plaintiff, or that such enforcement would be detrimental to the interests of the public. Such circumstances, showing that the performance sought would be oppressive or inequitable, will warrant the denial of specific relief. (6 Pomeroy's Equity Jurisprudence, sec. 796; *Conger* v. *New York etc. R. R. Co.*, 120 N. Y. 29, [23 N. E. 983]; *Murdfeldt* v. *New York etc. R. R. Co.*, 102 N. Y. 703, [7 N. E. 404]; *Clark* v. *Rochester R. R. Co.*, 18 Barb. 350.)

The consideration last suggested points directly to a fatal objection to the complaint under discussion. It is thoroughly settled in this state that a complaint for specific performance

must, in order to make out a case good as against general
demurrer, state facts from which the court may determine
that the consideration is adequate, and that the contract is
as to the defendant just and reasonable.  (Civ. Code, sec.
3391.)  In *Agard* v. *Valencia,* 39 Cal. 302, the court says:
"Another well-established rule of courts of equity is, that in
suit for specific performance, it must be affirmatively shown
that the contract is fair and just, and that it would not be
inequitable to enforce it.  The court will not lend its aid to
enforce a contract which is in any respect unfair or savors
of oppression, but in such cases will leave the party to its
remedy at law.  It is incumbent upon the plaintiff, there-
fore, to state such facts as will enable the court to decide
whether the contract is of such a character that it would
not be inequitable to enforce it."  This court has frequently
restated its adherence to this rule.  (*Bruck* v. *Tucker,* 42 Cal.
352; *Nicholson* v. *Tarpey,* 70 Cal. 608, [12 Pac. 778] ; *Morrill*
v. *Everson,* 77 Cal. 114, [19 Pac. 190] ; *Windsor* v. *Miner,* 124
Cal. 492, [57 Pac. 386] ; *Prince* v. *Lamb,* 128 Cal. 120, [60 Pac.
689] ; *Stiles* v. *Cain,* 134 Cal. 170, [66 Pac. 231] ; *Flood* v.
*Templeton,* 148 Cal. 374, [83 Pac. 148] ; *White* v. *Sage,* 149
Cal. 613, [87 Pac. 193].)

The complaint in this case is entirely devoid of any show-
ing of this character.  The value of the right of way con-
veyed is not stated, nor is there any allegation of the cost to
the defendant of compliance with its contract.  No attempt
is made to state any facts indicating the adequacy of the con-
sideration or the fairness of the contract.  There is not even
an allegation in general terms of the conclusion that the con-
tract is just and fair as between the parties.  As bearing upon
the question whether the granting of the relief sought would
be equitable, it is to be observed that the complaint does not
aver that the plaintiffs, at any time since 1881, have been
the owners of any land in the neighborhood of the proposed
station, or that they live near it.  The allegation that they
owned land adjoining the right of way in 1881 is not an
allegation that they owned it at any later date.  The pre-
sumption of the continuance of facts once shown to exist
(Code Civ. Proc., sec. 1963, subd. 32), declares merely a rule
of evidence and has no application to the statement of facts
in a pleading (*Fredericks* v. *Tracy,* 98 Cal. 658, [33 Pac. 750].)

So far as appears from their complaint, the plaintiffs are endeavoring to enforce a bare legal right to have the defendant comply with the contract of its predecessor, without showing that such compliance would in any way add to their convenience or to the value of any property owned by them. The complaint, therefore, fails to show that the contract, as originally made was fair and just as between the parties or that it would. be equitable to enforce it. Furthermore, it fails to show that the recovery of damages for a breach of the contract would not be an adequate remedy, a condition which is as essential to the obtaining of specific performance as of other forms of equitable relief for the infringement of legal rights. (*Senter* v. *Davis*, 38 Cal. 450; *Flood* v. *Templeton*, 148 Cal. 374, [83 Pac. 148].)

Respondent urges some additional points in support of the rulings sustaining the demurrer but these need not be discussed in view of the conclusions above expressed.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.