[Civ. No. 643. Third Appellate District.—June 17, 1910.]

## JAMES B. MARTIN, ORLO STEEL, and W. BARHAM, Respondents, v. G. E. CONDREY, Appellant.

ACTION TO REFORM AND SPECIFICALLY ENFORCE CONTRACT TO CONVEY LAND—INSUFFICIENT COMPLAINT—DEMURRER IMPROPERLY OVERRULED.—In an action in equity to reform and specifically enforce an alleged contract to convey land, where the complaint wholly omits to aver or show or to attempt to show that the consideration for which the defendant offered to sell the property involved in the contract is adequate or commensurate with the value of the property or that the contract is, as to the defendant, fair and just, as required by section 3391 of the Civil Code, it is insufficient as against a general demurrer, and a demurrer thereto was improperly overruled.

ID.—SETTLED RULE OF EQUITY—FACTS STATED MUST SHOW ADEQUACY, FAIRNESS AND JUSTICE.—It is a settled rule in equity that facts showing adequacy of consideration and, as to the party against whom the specific performance is sought, the justness and reasonableness of the contract, must not only be proved but must be also stated. This rule does not contemplate mere averments *in haec verba* that the contract is supported by an adequate consideration, and is as to the defendant fair and just; but the conscience of the chancellor must be satisfied on these points by a proper statement of the facts.

APPEAL from a judgment of the Superior Court of Siskiyou County. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

Taylor & Tebbe, for Appellant.

Gillis & Gillis, for Respondents.

HART, J.—This is a suit in equity for the reformation and specific performance of a certain contract entered into between one E. Tubbs and the defendant for the conveyance to the former by the latter of certain real property situated in the town of Yreka, Siskiyou county.

The court overruled a general and special demurrer interposed to the amended complaint. The defendant declined to answer, and thereupon a judgment reforming said contract and decreeing its specific performance as so reformed was entered against said defendant.

This appeal is from said judgment.

The averments of the complaint fail to disclose any ground which would authorize or justify a decree compelling the specific performance of the contract involved in this controversy and the demurrer should, therefore, have been sustained.

The offer by the defendant to sell said property to said Tubbs is in writing, dated, "March 26, 1908," and is addressed to "Mr. E. Tubbs," and signed by the defendant. Therein the defendant offered to sell to Tubbs "all of my property in Yreka for $1500, or the land without the building for $1090.00 or the north half of said land for $550.00, terms cash within 24 hours or $50.00 to-day and balance on or before April 5th, 1908." Defendant further stipulated to "give you a good and sufficient deed at any time the money is put up within said time. I further agree to move off the house within 60 days should you take the whole of said land."

It may here be remarked that said contract was, on the thirtieth day of March, 1908, for a certain consideration, assigned and transferred by said Tubbs to the plaintiffs herein.

The complaint alleges that the contract between Tubbs and the defendant consisted of the written offer to sell to which we have referred and the acceptance of said offer "which was orally made by said E. Tubbs, at said Yreka City, county of Siskiyou, state of California, within the time stipulated by said offer for such acceptance, and accompanied by the proper tender of gold coin of the United States of America, to wit: Fifty (50) dollars"; that "at or about the same time said E. Tubbs demanded of said G. E. Condrey a conveyance of the said property without the house"; that defendant has not made nor executed "any conveyance of the said property without the house to said E. Tubbs, nor to his heirs or assigns, nor to said plaintiffs herein"; that "said plaintiffs are still ready and willing to pay the purchase money of the said property to the said defendant."

There is not a single averment in the complaint showing or even pretending to show that the consideration for which the defendant offered to sell the property involved in the contract concerned here is adequate or commensurate with the value of said property, or that the contract is, as to the defendant, fair and just.

Section 3391 of the Civil Code provides that: "Specific performance cannot be enforced against a party to a contract in

any of the following cases: 1. If he has not received an adequate consideration for the contract; 2. If it is not, as to him, just and reasonable. . . . ''

And it is the settled rule in courts of equity that facts showing the adequacy of the consideration and, as to the party against whom specific performance is sought, the justness and reasonableness of the contract must not only be proved but *averred.*

In *Agard* v. *Valencia,* 39 Cal. 502, it is said ''that in a suit for a specific performance it must be affirmatively shown that the contract is fair and just, and that it will not be inequitable to enforce it. The court (of equity) will not lend its aid to enforce a contract which is in any respect unfair or savors of oppression, but in such cases will leave the party to his remedy at law. It is incumbent on the plaintiff, therefore, to state such facts as will enable the court to decide whether the contract is of such a character that it would be inequitable to enforce it.''

''There are,'' says the supreme court, in the case of *Stiles* v. *Cain,* 134 Cal. 171, [66 Pac. 232], ''contracts which are perfectly valid, and which a court of equity would not set aside for fraud, mistake, or for any unfairness, but which, nevertheless, are so unfair that specific performance will not be decreed. This has always been the rule with courts of equity. They will not aid in the enforcement of a harsh and unjust contract, even though it be valid. The case cited (*Bruck* v. *Tucker,* 42 Cal. 546) also holds that the party seeking the relief must show, both by averment and proof, that the contract is, as to the defendant, fair and just. That the evidence must show such a case cannot be doubted, and this case distinctly holds that what must be proven on that subject must also be averred. This does not mean that it must be alleged *in haec verba* that the contract was supported by an adequate consideration, and is, as to the defendant, fair and just. These might be held insufficient, but the fact that the contract is such as will satisfy the conscience of the chancellor, in the respects mentioned, must appear from a proper statement of the facts.'' (See, also, *Nicholson* v. *Tarpey,* 70 Cal. 609, [12 Pac. 778]; *Morrill* v. *Everson,* 77 Cal. 114, [19 Pac. 190]; *Windsor* v. *Miner,* 124 Cal. 492, [57 Pac. 386]; *Prince* v. *Lamb,* 128 Cal. 120, [60 Pac. 689]; *Flood* v. *Templeton,* 148

Cal. 374, [83 Pac. 148] ; *White* v. *Sage,* 149 Cal. 613, [87 Pac. 193] ; *Herzog* v. *Atchison, Topeka etc. R. R.,* 153 Cal. 496, [95 Pac. 898].)

As stated, the allegations of the complaint here do not meet the essentials of the rule as it is expounded by the foregoing authorities and therefore fall far short of justifying the relief of specific performance.

It is pointed out under the special demurrer that the complaint is defective in that its statement of the facts pleaded is uncertain in several particulars; but, obviously, it is not necessary to consider the points thus urged in view of our conclusion that the complaint fails to state a cause of action for specific performance.

The judgment is reversed.

Burnett, J., and Chipman, P. J., concurred.