[Sac. No. 2183. Department One.—May 8, 1915.]

## THOMAS J. EHRHART et al., Respondents, v. D. R. MAHONY et al., Appellants.

VENDOR AND VENDEE—ACTION TO ENFORCE VENDOR'S LIEN—DESCRIPTIONS —VARIANCE BETWEEN CONTRACT AND COMPLAINT — ADMISSION OF PLEADINGS.—In an action to enforce a vendor's lien for the unpaid purchase price under an executory contract for the sale of certain mining claims, the fact that the descriptions of the claims in the contract vary from the descriptions found in the complaint and the findings is immaterial, where the complaint embodies a copy of the contract, and alleges that the property agreed to be sold by it is described as set forth in the complaint, and such allegations are not denied.

ID.—WAIVER OF LIEN—ACTION FOR PURCHASE PRICE.—Such a vendor, retaining the legal title, does not waive his lien by commencing an action at law for the recovery of the purchase price.

ID.—TENDER BY VENDOR—ANSWER SHOWING CONVEYANCE WOULD HAVE BEEN REFUSED.—In such action, technical defects in the tender by the vendor, or even a want of any tender, is immaterial, when the answer shows that a conveyance would have been refused in any event.

ID.—ACTION ONE FOR SPECIFIC PERFORMANCE—PLEADING—ADEQUACY OF CONSIDERATION—JUST AND REASONABLE CONTRACT.—An action by a vendor under an executory contract for the sale of land to recover the purchase price and to enforce a lien therefor, is one for the specific performance of the contract, in which it is necessary to sustain a judgment for the plaintiff that the complaint should allege and the court should find, facts showing that there was an adequate consideration for the obligation sought to be enforced, and that the contract was just and reasonable as to the defendant.

ID.—APPEAL FROM JUDGMENT FORECLOSING LIEN — MODIFICATION OF JUDGMENT—ACTION FOR PURCHASE PRICE—JURY TRIAL.—On an appeal by the defendant in such action from a judgment foreclosing the lien of the vendor, taken on the judgment-roll alone, the court is not warranted in ignoring the absence of such necessary allegations and findings, or in modifying the judgment by striking out everything but the provision for the recovery of the purchase price. An action for that purpose alone would be one at law, in which the parties would be entitled to a jury trial.

APPEAL from a judgment of the Superior Court of Calaveras County. A. I. McSorley, Judge.

The facts are stated in the opinion of the court.

Ben F. Geis, Duard F. Geis, and Will A. Dower, for Appellants.

Snyder & Snyder, for Respondents.

SLOSS, J.—On September 27, 1910, the plaintiffs entered into a written contract with all of the defendants except Clifton, whereby plaintiffs agreed to sell, and said defendants agreed to buy, three mining claims in Calaveras County for the sum of three thousand dollars, of which fifty dollars was paid on the execution of the writing, and the balance was payable in installments. The vendees agreed to do all assessment work.

The complaint set up the contract, alleged an assignment by the vendees to Clifton, alleged, further, nonpayment of any part of the purchase price except the fifty dollars, the failure to do the assessment work, for which plaintiffs had been compelled to pay three hundred dollars, demand for the sums due, and a tender and continuous willingness and ability to convey a good title. The prayer was for judgment for the balance due and for the three hundred dollars paid by plaintiffs, for a decree that plaintiffs hold the legal title as security for the payment of the sums due, that they have a lien on said property to secure payment of such sums, that said liens be foreclosed and that the property, or so much as might be necessary, be sold to satisfy the demand. The defendants denied some of the allegations of the complaint, and set up various affirmative defenses, based on alleged frauds and misrepresentations on the part of plaintiffs. On all these issues the court found for the plaintiffs and judgment followed in their favor as prayed. Defendants appeal on the judgment-roll.

The appellants present a number of points, but only one of them is, in our judgment, entitled to favorable consideration.

Much stress is laid upon the fact that the descriptions of the mining claims in the contract vary from the descriptions found in the complaint and the findings. In each case the description is by name only, and the names, as given in the various papers, are not precisely the same. But the complaint embodies a copy of the contract, and alleges that the property agreed to be sold by said contract is described as set forth in

the complaint. This allegation is not denied, and it establishes the identity of the apparently differing descriptions.

The argument based upon the claim of fraud is futile, in view of the fact that the evidence is not brought up, and the findings negative fraud.

One of the defenses was that plaintiffs had waived their lien by commencing an action at law for the recovery of the purchase price. The court found that such action had been brought (and subsequently dismissed), but that there was no waiver. The conclusion was correct. Where the vendor retains the legal title, a proceeding at law for the purchase price is not a waiver of his right to proceed against the property. (*Longmaid* v. *Coulter*, 123 Cal. 208, [55 Pac. 791].)

The appellants criticise the allegation of tender, but since their answer showed that a conveyance would have been refused in any event, technical defects in the tender, or even a want of any tender, would be of no importance. (Civ. Code, sec. 1440.)

But the appellants make a final contention which must, under the decisions of this court, be upheld. The complaint does not allege, nor does the court find, facts showing that there was an adequate consideration for the obligation sought to be enforced, or that the contract was just and reasonable as to the defendants. It is thoroughly established in this state that such facts must be alleged and proven in a suit for specific performance. (*Agard* v. *Valencia*, 39 Cal. 302; *White* v. *Sage*, 149 Cal. 613, [87 Pac. 193] ; *Herzog* v. *Atchison etc. R. R. Co.*, 153 Cal. 496, 501, [17 L. R. A. (N. S.) 428, 95 Pac. 898], and cases cited.) That the present action is one for specific performance cannot be questioned in view of the decisions in *White* v. *Sage*, 149 Cal. 613, [87 Pac. 193], and *Sparks* v. *Hess*, 15 Cal. 186.

For the reason stated, the judgment will have to be reversed. With nothing before us but the judgment-roll, we have no basis for saying that the error was harmless. Nor would we be justified in modifying the judgment by striking out everything but the provision for recovery of the purchase price. An action for such purchase price is one at law, in which the parties are entitled to a jury trial, and it would hardly be fair for the appellate court to convert the character of the

case after judgment, where no such change had been suggested below.

The judgment is reversed.

Shaw, J., and Lawlor, J., concurred.