[Civ. No. 2432. First Appellate District.—August 28, 1918.]

OCEAN SHORE DEVELOPMENT CO., INC. (a Corporation), Respondent, v. J. P. HAMMOND, Appellant.

VENDOR AND VENDEE — INSTALLMENT CONTRACT—ACTION BY VENDOR— NATURE OF.—An action by a vendor against the vendee on an installment contract for the sale and purchase of land is not an action for specific performance where the complaint after alleging the nonpayment of installments prays that the property be sold to satisfy the amount due, and if the proceeds of the sale be insufficient, a personal judgment be docketed against the defendant.

ID.—FORM OF JUDGMENT — FORECLOSURE OF VENDOR'S LIEN — RELIEF WITHIN THE PLEADINGS.—Where in such case, after the complaint had been several times amended, judgment was rendered decreeing that the plaintiff had a lien upon the real property for a specified sum with costs, that the property be sold to satisfy said lien, and that a personal judgment for the deficiency if any be docketed against the defendant, even if it be admitted that the allegations of the amended complaint were framed to state a case for specific performance, and that the court might have so decreed, yet the plaintiff asked and received of the court a relief that was clearly

within the pleadings, and therefore the defendant was not prejudiced.

Id.—Defense of Fraud—Estoppel by Adverse Judgment.—Where in such action the vendee set up as a defense fraudulent representations, alleged to have been made by the vendor by means of which he was induced to enter into the contract, a judgment against the vendee in a previous separate action brought by him against the vendor to recover money paid under the contract upon the ground of the same fraud operated as an estoppel against the vendee with respect to those matters.

Id.—Repudiation and Rescission—Excuse for Failure to Tender a Deed.—Repudiation and attempted rescission by the vendee of a contract for the sale and purchase of land, on the ground of fraud and false representations on the part of the vendor in procuring the execution of the contract by the vendee, is a sufficient excuse for the failure of the vendor to tender a deed.

Id.—Action for Rescission — Unpaid Installments — Remedy of Vendor.—Where an action is brought by a vendee against the vendor to rescind a contract on the ground of fraud, the vendor's claim for installments due is not matter for counterclaim, but for cross-complaint within the meaning of section 422 of the Code of Civil Procedure.

Id.—Foreclosure of Vendor's Lien—Deficiency Judgment.—Whether the statutory provisions of section 726 of the Code' of Civil Procedure for the entry of a deficiency judgment do or do not apply to vendor's liens, the superior court has inherent powers sufficient to enable it to enter such a judgment without express authority.

APPEAL from a judgment of the Superior Court of San Mateo County.  Geo. H. Buck, Judge.

The facts are stated in the opinion of the court.

Joseph K. Hutchinson, Walter Slack, and Ross & Ross, for Appellant.

Byrne & Lamson, for Respondent.

THE COURT.—This action is based on a contract for the purchase and sale of three lots in San Mateo County. By the terms of the contract the defendant agreed to pay the plaintiff the sum of $2,125 as the purchase price of the lots, in installments as follows: three hundred dollars on the signing of the contract and the balance at the rate of $35 per month thereafter until paid; the title to the property was to remain

in the vendor until the installments were paid. The defendant paid the sum of three hundred dollars on the signing of the contract and the first installment of $35. No further installments were paid.

At the time of the commencement of this action, forty-six installments amounting to the principal sum of $1,610 had become due under the contract. The balance of the installments, amounting to $180, had not yet become due.

This action was brought to foreclose a lien which the vendor had on the property for the purchase price. A demurrer to the complaint was sustained and an amended complaint filed. The plaintiff asked that the property be sold to satisfy the amount then due, namely, $1,821.15, and that if the proceeds of the sale were insufficient to satisfy the amount of said lien, then that a personal deficiency judgment be docketed against the defendant.

The defendant answered the amended complaint, and, after denying certain allegations therein, set up four separate defenses, numbered and referred to as "second," "third," "fourth," and "fifth" defenses, respectively. The "fifth" defense was conceded by the plaintiff and the contract reformed in accordance therewith, and need not concern us here. The "second" defense recited that prior to the commencement of this action, the defendant in this action commenced an action in the superior court of the state of California in and for the county of Mono against the plaintiff herein, entitled J. P. Hammond, Plaintiff, *v.* Ocean Shore Development Co., Inc., a Corporation, Defendant, in which said Hammond sought to recover from the said Ocean Shore Development Co., Inc., the sum of $335 paid under the said contract upon the ground of fraud and false representations made to him by the said Ocean Shore Development Co., Inc., concerning the character and situation of the property. That the Ocean Shore Development Company failed to set up in its answer any counterclaim for damages or for the purchase price of the property or any of the installments thereof.

The "third" defense set up a failure of consideration and then set forth, as a reason for said failure, certain alleged false representations made by Ocean Shore Development Co. to the said Hammond, which induced the said Hammond to enter into the said contract, and which said alleged false

represcntations were substantially the same as set forth in the complaint previously filed in Mono County by Hammond.

The "fourth" defcnse simply sets forth the same alleged false representations concerning the property, and the fact of a rescission of the contract by the defendant, based upon such alleged misrepresentations.

On April 14, 1916, the balance of the installments under the contract having fallen due, the plaintiff filed a supplemcntąl complaint setting forth that fact, and an amended supplemental complaint was thereafter filed by permission of the court obtained at the time of trial, and which alleged, by way of excusing a tender of a deed, that defendant had repudiated the contract.

At the close of plaintiff's case, the defendant moved for a nonsuit; the motion was denied. The defendant then offered to prove the facts alleged in his "third" and "fourth" defenscs concerning the alleged false representations made by plaintiff to defendant about the character of the property. The court sustained the plaintiff's objection thereto for the reason that the judgment rendered against the defendant herein in the action of *Hammond* v. *Ocean Shore Development Co.* operated as an estoppel by judgment with regard to those matters.

Judgment was thereafter rendered against the defendant and in favor of the said plaintiff, by which it was decreed that the plaintiff has a lien upon the real property for the sum of $2,123.41, together with costs; that the property be sold to satisfy said lien, and that a personal judgment for the deficiency, if any, then be docketed against the defendant. The defendant appeals and advances many arguments for a reversal of the judgment.

One of the questions raised by defendant is whether this is in effect an action for specific performance or whether this is an action to foreclose a vendor's lien. We think that this was not an action for specific performance. The original complaint stated an action on contract for the amount of the unpaid installments and asked for a foreclosure of a vendor's lien. At the trial, the defendant interposed a demurrer and argued that the complaint was analogous to one to enforce specific performance, and that facts sufficient to constitute such a cause of action had not been pleaded. The demurrer was sustained and the plaintiff amended its

complaint by adding an allegation that the price to be paid for the land under the contract was not disproportionate to the value of the land. In support of this allegation, the plaintiff introduced evidence of the market value of the land. The defendant contends that as the trial court, in ruling on the demurrer to the original complaint, determined that the action was substantially one for specific performance, and respondent voluntarily adopted the trial court's theory and amended its complaint in accordance therewith, it cannot on appeal return to the position that the original complaint was sufficient. We think a return to such position is not necessary to sustain the judgment. Neither the prayer of the amended complaint nor of the supplemental complaint is for specific performance; the decree was not given for specific performance, and therefore could not have been rendered upon the theory that the plaintiff was entitled to such relief. But admitting that the allegations of the amended complaint were framed to state a case for specific performance and that the court might have so decreed, yet the plaintiff asked and received of the court a relief that was clearly within the pleadings and therefore the defendant is not prejudiced. In code states, courts will render such judgments as the evidence and pleadings show the parties entitled to regardless of the form of action. (*Lee* v. *Coon Rapids Nat. Bank,* 166 Iowa, 242, [144 N. W. 630].)

In one of the cases relied upon by the defendant in support of his contention (*Woodson* v. *Metropolitan St. R. Co.,* 224 Mo. 685, [20 Ann. Cas. 1039, 30 L. R. A. (N. S.) 931, 123 S. W. 820]), the court said: "But further, an instruction cannot be broader than the pleadings although the facts may take a wider range, nor on the other hand can the instruction be broader than the facts proven, *although the pleadings may take a broader range.*" (*Degonia* v. *St. Louis etc. R. Co.,* 224 Mo. 589, [123 S. W. 807].)

If the pleadings take a broader range than the facts proven, the court surely has power to give judgment for any relief to which the proof entitles the plaintiff. And where a party proceeds upon the theory that his relief is in equity, but fails to state sufficient facts to entitle him to equitable relief, he will be given the relief to which he appears to be entitled. If the plaintiff is entitled to a money judgment, a money

judgment will be rendered.   (*Donovan* v. *McDevitt,* 36 Mont. 61, [92 Pac. 49].)

Therefore, conceding that plaintiff did amend his complaint to state an action for specific performance, the court had power to grant any relief within the pleadings, which we think it has done in the judgment rendered.

The cases cited by the defendant are in support of the proposition that where a trial court adopts a certain theory of a case and renders judgment upon that theory, an appellate court will not consider a different theory of the case in order to sustain or reverse the judgment, and that judgment must stand or fall upon the theory upon which it was rendered.   In this case, however, the court did not enter a judgment for specific performance, and we are not called upon either to sustain or reverse such a judgment.   The judgment was for the unpaid purchase price of the land and for a foreclosure of the vendor's lien; the facts proven entitled the plaintiff to such a judgment, and that the pleadings may have been somewhat broader, we think, is immaterial.

Whether the action is one for specific performance or not, the judgment in the case of *Hammond* v. *Ocean Shore Development Co.* acted as an estoppel upon the defendant so as to prevent him from introducing evidence upon his "third" and "fourth" defenses, and therefore the objection of the plaintiff to the introduction of evidence on these matters was properly sustained.

The defendant contends that the tender of a deed was a condition precedent to plaintiff's right of recovery, and that there is no proof of such tender.   We think the failure to tender a deed was excused by defendant's repudiation of the contract, which repudiation and attempted rescission was fully set out in the "fourth" defense of defendant's answer. (*Ehrhart* v. *Mahony,* 170 Cal. 148, [148 Pac. 934].)

The defendant argues further that as a portion of the installments under the contract was due at the time when the action for rescission of the contract was filed by defendant herein, in Mono County, the plaintiff herein, as defendant therein, was obliged to set up such installments as a counterclaim or lose his right to sue thereon.   The case of *Mackenzie* v. *Hodgkin,* 126 Cal. 591, [77 Am. St. Rep. 209, 59 Pac. 36], holds that similar matter is matter for cross-complaint and within the meaning of section 442 of the Code of Civil Pro-

cedure. This section is permissive and does not require matter of cross-complaint to be set up under penalty of a forfeiture of the right to sue thereon. However, we think that a discussion of the distinction between counterclaims and cross-complaints becomes unnecessary here, for the reason that the plaintiff was clearly entitled to wait until the entire amount to be paid under the contract was due and payable before suing, and therefore he was not required to set up as a counterclaim the amount due at that time.

Finally, it is defendant's contention that the judgment is erroneous because if the action is to foreclose a vendor's lien, the court must decree a strict foreclosure, and therefore a deficiency judgment is improper. Admitting, as contended by defendant, that the statutory provisions for the entry of a deficiency judgment in mortgage foreclosures, contained in section 726 of the Code of Civil Procedure, do not apply to vendor's liens, yet we think that the court had inherent powers sufficient to enable it to enter such a judgment without any express statutory authority.

The plaintiff, clearly, had a right under his contract to sue for the full purchase price of the land, and he also had a right to foreclose the lien. Under our system of procedure, it cannot be said that after foreclosing the lien, it would be necessary for him to bring another action at law in order to collect the amount still due him under the contract. The court had general legal and equitable jurisdiction and had authority thereunder to do full and complete justice in the one action, and we think this has been done by the judgment rendered.

The judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 23, 1918.