[Civ. No. 3077. First Appellate District, Division One.—December 9, 1919.]

TEAGUE INVESTMENT COMPANY (a Corporation), Respondent, v. W. FLANDERS SETCHEL, Appellant.

[1] VENDOR AND VENDEE—REPUDIATION OF TRANSACTION BY VENDEE—TENDER OF DEED AND CERTIFICATE OF TITLE BY VENDOR UNNECESSARY.—Where the purchaser of real property repudiates the transaction and attempts to rescind the contract of purchase, it is not necessary for the vendor, as a condition precedent to bringing an action to recover the amount due under the contract, to tender the purchaser a deed or a certificate of sale to the premises.

[2] ID.—RIGHT OF VENDEE TO RESCIND—EVIDENCE—FINDINGS—APPEAL. In this action by the vendor to recover the amount due under a contract for the purchase of real property after the purchaser repudiated the transaction, the evidence was sufficient to sustain the findings and conclusions of the trial court that the purchaser was not entitled to rescind, and the testimony in regard thereto being in substantial conflict, such determination will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. A. Williams for Appellant.

J. P. Bernhard for Respondent.

---

1. Necessity of tender of performance by vendor to entitle him to retain purchase money on default by vendee, note, L. R. A. 1918B, 557.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor in an action brought by it to recover the sum of $5,784, with interest, costs, and counsel fees, alleged to have become due said plaintiff by reason of defendant's failure to perform the terms of a certain contract for the purchase from said plaintiff of certain real estate.

The facts of the case are briefly these: On December 1, 1913, the plaintiff and defendant entered into an agreement in writing for the sale by the former and purchase by the latter of a certain tract of land in the county of Fresno for the sum of $6,603, of which sum $818 was to be paid in cash and the balance in a series of installments of five hundred dollars a year for the period of three years, at the end of which time the balance remaining due was to be paid. The purchaser was to receive, and in fact did receive, possession of the property at the date of said agreement, and he was thereafter to pay all state, county, and school taxes assessed against said land.  By the terms of said agreement the seller, upon receiving from the purchaser the payments provided for therein, was to execute and deliver to the purchaser a good and sufficient deed conveying the premises in question free and clear from all encumbrances except as it might be subject to certain rights of way for ditches, roads, and electric power lines which had theretofore been created in relation to said property; and should also furnish to the purchaser a certificate of title to the same.

The defendant did not make any of the payments of the several installments due or to become due upon said agreement, and did not pay any of the taxes which were assessed against said property, but some time after the agreement was made and after he had entered into possession of the premises the defendant claimed to have discovered that the plaintiff had sold certain other property in the larger tract of which the premises in question were a part for a less sum per acre than that which was provided for in his contract for the purchase of said premises, and this, he claimed, was in violation of an oral agreement and understanding between the parties forming an inducement for the entering into said contract, to the effect that the plaintiff would not offer for sale or sell any portion of said larger tract of land for a less rate than $150 per acre; and that having sold to other parties a large portion of said tract for a sum less

than said amount per acre in violation of its alleged oral agreement with said defendant, he was entitled to and undertook to rescind said agreement.

Notwithstanding said attempted rescission the plaintiff, on the eleventh day of July, 1918, tendered to the defendant a sufficient deed of conveyance to the premises in question, and demanded of him payment of the balance due upon the purchase price thereof; and upon the defendant's refusal to accept said deed or pay said money the plaintiff commenced this action.

Upon the trial of the cause the court made its findings to the effect that all of the allegations of the plaintiff's complaint were true except as to the matter of counsel fees, which it reduced somewhat, and that all the averments of the defendant's answer were untrue with the exception of the averment therein denying that a certificate of title to the land in question had been tendered by the plaintiff to the defendant at any time; and in respect to that matter the court found that no certificate of title had been tendered by the plaintiff to the defendant, and that none such had been demanded of him, and that the defendant at the time of his refusal to accept the plaintiff's tendered deed, and to pay the balance of the purchase price, had made no objection to the form or mode of such tender. As conclusions of law based upon said findings the trial court held that the plaintiff was entitled to recover the amount remaining due upon said agreement, together with certain other amounts expended for taxes and attorney's fees, and that said plaintiff was entitled to a lien upon the premises covered by said agreement for the payment of said sums, and to have such lien foreclosed and the amount of its said judgment realized by the sale of the premises.

From the judgment rendered and entered in accordance with these findings of fact and conclusions of law the defendant has prosecuted this appeal.

[1] The first contention of the appellant is that the plaintiff was not entitled to maintain this action or to the relief sought and given therein, for the reason that at the time of its tender of a deed to the premises in question it had not also tendered to the defendant the certificate of title provided for in said agreement. There are several answers to this contention, the first and all-sufficient one

being that the defendant having, prior to the plaintiff's tender of a deed to the premises, repudiated the transaction and attempted to rescind said contract, it was no longer necessary for the plaintiff to tender the defendant a deed, and, for a like reason, it was unnecessary to make a tender of a certificate of title to said premises. (*Ocean Shore Development Co.* v. *Hammond,* 38 Cal. App. 102, [175 Pac. 706]; *Ehrhart* v. *Mahoney,* 170 Cal. 148, [148 Pac. 934].)

[2] The appellant's next contention is that the evidence in the case is insufficient to justify the decision of the trial court to the effect that the defendant was not entitled to rescind, and that he did not in fact rescind, the agreement which formed the basis of the plaintiff's cause of action. An examination of the record, however, satisfies us that there is ample evidence to sustain the findings and conclusions of the trial court upon this subject, and that the testimony in regard thereto being in substantial conflict, the determination of this issue against the defendant will not be disturbed upon appeal.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.