[Civ. No. 2672.   Second Appellate District, Division One.—January 26, 1920.]

## HARRIET H. PARAMORE et al., Respondents, v. HAYWARD COLBY, Appellant.

[1] VENDOR AND VENDEE—ACTION TO RECOVER UNPAID INSTALLMENTS—REASONABLENESS OF CONTRACT—PLEADING.—An action to recover the amount of certain installments due and unpaid as part of the purchase price provided in a contract of sale of real property is an action at law to recover money due on the contract and not an action in equity to compel specific performance of the contract; and in such an action it is not necessary to allege or to state facts showing that the contract is as to the defendant fair, just, and reasonable.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Victor T. Watkins and Sims & Church for Appellant.

Goff & Van Etten for Respondents.

Faulkner & Faulkner, as *Amici Curiae.*

CONREY, P. J.—[1] In this action the plaintiffs recovered judgment for the amount of certain installments due and unpaid as part of the purchase price provided in a contract of sale of real property. Appellant contends that such action is necessarily an action to compel specific performance of the contract; that, therefore, the complaint does not state a cause of action because it does not contain any allegations of fact showing that the contract is as to the defendant fair, just and reasonable. (Civ. Code, sec. 3391.) It appears to be settled law that such an action brought merely to recover money due on the contract is an action at law. (*Ehrhart* v. *Mahoney,* 170 Cal. 148, [148 Pac. 934] ; *Samuel* v. *Allen,* 98 Cal. 406, [33 Pac. 273].) The decisions relied upon by appellant (such as *O'Hara* v. *Wattson,* 172 Cal. 527, [157 Pac. 608], and *Glock* v. *Howard etc. Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]), do not hold and do not necessarily imply that an action at law to recover such installments due cannot be maintained. In such action at law it is not necessary to allege or to state facts showing that the contract is as to the defendant fair, just, and reasonable. The complaint in this case stated a cause of action. (*Amaranth Land Co.* v. *Corey,* 182 Cal. 66, [186 Pac. 765].)

The judgment is affirmed.

Shaw, J., and James, J., concurred.