[Civ. No. 5996.   Third Appellate District.—April 25, 1938.]

GEORGE N. BROOKS et al., Appellants, v. FIDELITY SAVINGS AND LOAN ASSOCIATION (a Corporation) et al., Respondents.

Holton & Schuelke, Paul G. McIver and Charles R. Holton for Appellants.

John L. Mace and Arch R. Tuthill for Respondents.

PULLEN, P. J.—This is an appeal from an order sustaining the demurrer to the amended complaint and from the order of dismissal and the judgment based thereon.

After alleging the jurisdictional facts it appears from the amended complaint that on or about the 3d day of February, 1928, plaintiffs executed and delivered to defendant Fidelity Savings and Loan Association their promissory note in the sum of $15,000, payable in monthly instalments of $210, which included interest at the rate of 84/10 per cent per annum. Thereafter the Pacific States Savings and Loan Company became the owner of the note and the deed of trust securing the same. On June 25, 1935, there was a balance due upon the note of $11,118.56.

The amended complaint further alleges that prior to June 25, 1935, plaintiff had been negotiating with defendants for the refinancing of the note and trust deed through the Reconstruction Finance Corporation upon the basis of the payment to the defendants of the sum of $10,000 in full satisfaction of said obligation, it being alleged that as a consideration for the reduction and refinancing of said loan plaintiffs would make an application to the Reconstruction Finance Corporation, and promised that they would pay any and all expenses incidental to the securing of such loan, and do all things that might be required of them by the Reconstruction Finance Corporation in order to secure the loan.

On the 25th day of June, 1935, the defendants accepted plaintiffs' proposition, and agreed in writing that they would, in consideration of said promises on the part of plaintiffs and in consideration of the payment to them of the sum of $10,000, release said trust deed and satisfy and discharge said debt; they knowing at the time of said agreement that the offer of plaintiffs was unequal to the amount due on said note and trust deed. Thereupon, it is alleged, plaintiffs expended large sums for surveying, appraising and insuring the property, and devoted many days of time thereto.

It is then alleged that on the 27th of September, 1935, the Reconstruction Finance Corporation approved a loan to plaintiffs whereby plaintiffs were able to pay defendants the sum of $10,000, and since that date plaintiffs have been ready, able and willing to pay said $10,000 providing defendants would satisfy the note and reconvey the security, and although informed of such approval by the Reconstruction

Finance Corporation, the defendants have refused to perform their part of the agreement.

To this complaint a demurrer was interposed on the ground that said amended complaint did not state a cause of action, and upon the further ground that it did not appear that the agreement sought to be specifically enforced was just, fair and reasonable and supported by adequate consideration. The demurrer was sustained and plaintiffs declining to amend, the court made an order dismissing the amended complaint.

The principal attack upon the complaint is the alleged lack of consideration. Appellant relies upon the presumptive evidence of consideration of a written instrument. (Secs. 1614, 1615, Civ. Code.) In reply respondents contend it is not presumed that a written contract is supported by a consideration if the complaint affirmatively alleges the actual consideration for the contract. In such case they contend the sufficiency of the consideration must be determined by the actual allegations with respect thereto.

Here we have a complaint setting forth the legal effect of various written instruments; the date of maturity does not appear in the complaint, and as far as we can determine from the complaint the note was not due at the date of the agreement.

Section 1614 of the Civil Code declares that a written instrument is presumptive evidence of a consideration, and the following section places the burden of showing a want of consideration upon the party seeking to invalidate the same. Respondents cite *McCarty* v. *Beach*, 10 Cal. 461, 462, as holding that where a want of consideration for the execution of the instrument is apparent from the averments of the complaint, that fact may be taken advantage of by demurrer. However, it is said in that opinion:

"On the hearing, the counsel of respondent confined his argument to two grounds—and which it may be said are the only two meriting notice: first, the want of any averment in the complaint of a consideration for the bonds; and, second, the want of any averment of special damages. Neither of these are well taken. The first ground is answered by the fact that the bond, which forms a part of the complaint, is a sealed instrument, to which the law imports a consideration from the seal. At common law, a party was not permitted to plead a want of a consideration as a defense to an action upon a sealed instrument—the presumption of a consideration

being absolute and conclusive. (*Vrooman* v. *Phelps*, 2 Johns. (N. Y.) 177; *Dorr* v. *Munsell*, 13 Johns. (N. Y.) 430.) The statute of this state has modified the rule in this respect so as to permit the want of consideration to be pleaded. It has not, however, altered the presumption which still accompanies the instrument, but allows it to be rebutted in the answer. Its language is, 'it shall be lawful' for the defendant 'to plead such want of consideration'. It is true, that where a want of consideration for the execution of the instrument is apparent from the averments of the complaint, the fact may be taken advantage of by demurrer, but such is not the present case.''

In *Cordes* v. *Harding*, 27 Cal. App. 474 [150 Pac. 650], it is held that where a written instrument is alleged in the complaint the averment as to the character and existence of the consideration is surplusage. The opinion states the situation briefly as follows:

''The plaintiff's complaint, among other things, alleged that the Mines Company was insolvent, and that one of the considerations which induced the defendants to procure their attorney to enter into the agreement was the avowed intention of plaintiff's assignor to throw the Mines Company into bankruptcy, and their forbearance, upon the request of the defendants, to take such action. These allegations were denied generally by the answer of the defendants, and in response to the supposed issue thus made the plaintiff offered to prove certain circumstances immediately preceding and attending the execution of the agreement in controversy, viz., the insolvent condition of the Mines Company, and the determination of the plaintiff's assignors to throw it into bankruptcy, from which they were dissuaded by the promise of the defendants, subsequently incorporated into the agreement, to share the respective avails and recoveries of the interested parties. Upon the objection of the defendants that the matters and things included in the offer were irrelevant and immaterial the offer was rejected, and the ruling of the court in that behalf is assigned as prejudicial error.

''This ruling of the trial court was correct. The execution of a written instrument is presumptive evidence of the existence of a consideration (Civ. Code, sec. 1614), and therefore the averment of the plaintiff's complaint as to the existence and character of the consideration was mere surplusage. The burden of pleading and proving the lack of consideration

sufficient to support a written instrument is upon the party seeking to avoid it upon that ground. (Civ. Code, sec. 1615.) The answer of the defendants contained nothing more than a naked denial of the existence and character of the particular consideration alleged in the plaintiff's complaint. This was not sufficient to destroy the presumption of a consideration arising from the written execution of the contract, and consequently the existence of a consideration sufficient to support the contract was an admitted fact in the case which rendered the proffered evidence wholly immaterial and irrelevant.''

Under the facts pleaded in the complaint it would appear that the respondents had considerable time to act during which they had the right of election of availing themselves of selling the property, or of accepting the sum of $10,000 in full satisfaction. Weighing all of the conditions then existing,—a depressed market for real property, the value of ready cash, the scarcity of bidders at foreclosure sales due to financial conditions which then existed in the general business depression, defendants may have preferred an agreement for the payment of $10,000 in cash rather than to take over the real property on foreclosure.

It is also alleged that plaintiffs expended money and time in procuring the consent of the Reconstruction Finance Corporation to advance the money, something plaintiffs were not called upon to do by the terms of their note.

We believe that sufficient consideration did exist for the execution of the agreement, and on that issue the complaint stated a cause of action.

It is also urged that the complaint did not state a cause of action to specifically enforce the alleged contract because no facts were alleged from which it could be ascertained that the contract was fair, just and reasonable as to the defendants. We believe, however, that what we have said in regard to the consideration has some bearing upon this item. Also the allegations here found in the complaint are quite similar to the language approved in *Ehrhart* v. *Mahoney,* 43 Cal. App. 448, 450 [184 Pac. 1010].

For the foregoing reasons the judgment and order are reversed.

Thompson, J., and Plummer, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 23, 1938.